UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS MICHAEL MINTUN,<br><br>                    Plaintiff,<br><br>       v.<br><br>IDAHO STATE CORRECTIONAL<br>INSTITUTION; TYRELL DAVIS;<br>JENNIFER TYVAND; SGT. HAMMER;<br>and LT. COREY SEELY,<br><br>                    Defendants. | Case No. 1:23-cv-00427-AKB<br><br>**INITIAL REVIEW ORDER BY<br>SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Dennis Michael Mintun's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

## 1.      Pleading Standards and Screening Requirement

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a plausible claim for relief. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations amounting to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA")[1] requires the Court to review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss any claims lacking adequate factual support or claims that are frivolous or malicious. 28 U.S.C. §§ 1915(e)(2) & 1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or claims seeking monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims falling outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim,

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend). Moreover, even if a complaint meets the pleading requirements, dismissal under §§ 1915 and 1915A is still appropriate if an affirmative defense, such as untimeliness, is an "obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

A court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim. Therefore, in its review under §§ 1915 and 1915A, the Court has reviewed only the two-page Complaint found at Docket No. 3, not the affidavit attached to the Complaint. *See* General Order 342, *In Re: Procedural Rules for Prisoner Civil Case Filings & for Prisoner E-Filing Program*, § A(1)(b)-(c) ("No exhibits may be attached to a complaint or any type of amended complaint, except those showing exhaustion of administrative remedies[,] [and] [n]o affidavits may be attached to a complaint or any type of amended complaint.").

## 2.    Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC"), currently incarcerated at the Idaho State Correctional Institution ("ISCI"). Plaintiff adheres to a religion he calls the "KOE Greek Pagan Path." (*Compl.*, Dkt. 3 at p. 2). Plaintiff claims there are other inmates who are also members of this religious group, but he does not state how many.

Plaintiff alleges that, from June 2022 until December 2022, defendant prison officials denied the group "any and all ability to gather together for religious activities." *Id.* Since December

2022, officials have provided only "a small number of opportunities" to engage in group worship. *Id*.

According to the Complaint, officials also have denied Plaintiff's request for the group to worship "in the land designated the 'outdoor worship area,' giving a wide variety of excuses for doing so." *Id*. They have allegedly "conspire[d] to make it difficult, if not impossible, for inmates to attend [worship] who may want to find out about the group." *Id*. Finally, Plaintiff alleges that he complained about these issues, but that Defendants retaliated against him "by denying him permission to facilitate the KOE Greek Pagan Path." *Id*.

Plaintiff sues ISCI, as well as various ISCI officials, alleging that Defendants have conspired to violate his religious rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*.

**3.**     **Discussion**

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff twenty-eight days to amend the Complaint. Any amended complaint should take into consideration the following.

### A.     *Religious Freedom Claims under 42 U.S.C. § 1983 and RLUIPA*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does

not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists … a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id.* at 1205–09 (internal quotation marks omitted). A plaintiff may seek injunctive relief from officials who have direct responsibility in the area in which the plaintiff seeks relief. *See Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

The Free Exercise Clause of the First Amendment absolutely protects the right to believe in a religion; it does not absolutely protect all conduct associated with a religion. *Cantwell v. Connecticut*, 310 U.S. 296, 303-04 (1940). Inmates retain their free exercise of religion rights in prison. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). An inmate who is an adherent of a minority religion must be afforded a "reasonable opportunity of pursuing his faith comparable

to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (per curiam). A prison need not, however, provide "identical facilities or personnel" for "every religious sect or group within a prison," and a "special chapel or place of worship need not be provided for every faith regardless of size; nor must a chaplain, priest, or minister be provided without regard to the extent of the demand." *Id.* at 322 n.2.

To serve as a basis for a viable claim challenging a prison restriction under the Free Exercise Clause, an inmate's belief must be both sincerely held and rooted in religious belief. *Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008); *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994). Further, the burden placed on the inmate's religious exercise by the defendants' actions must be substantial. *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989). *De minimis*—or minor—burdens on the free exercise of religion are not of a constitutional dimension, even if the belief upon which the exercise is based is sincerely held and rooted in religious belief. *See, e.g.*, *Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) (the unavailability of a non-pork tray for inmate at 3 meals out of 810 does not constitute more than a *de minimis* burden on inmate's free exercise of religion).

Challenges to prison restrictions that are alleged "to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system, to whose custody and care the prisoner has been committed in accordance with due process of law." *Jones v. N.C. Prisoners' Union*, 433 U.S. 119, 125 (1977) (citation omitted). What constitutes a reasonable opportunity for religious exercise, therefore, must be evaluated within the context of a prison's need for security, among other legitimate goals. *O'Lone*, 482 U.S. at 350-53 (1987) (holding that a prison's policy of not allowing Muslim inmates on work detail to return to the prison to attend Jumu'ah, a group worship service, did not violate the Constitution).

So long as a restriction on an inmate's religious practice "is reasonably related to legitimate penological interests," that restriction is valid. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Factors to be considered in this reasonableness inquiry include the following: (1) whether there is a logical connection between the governmental interest and the particular policy or decision at issue; (2) whether "alternative means of exercising the right remain open to prison inmates"; (3) the impact that accommodating a prisoner's religious practice would have on "other inmates, on prison personnel, and on allocation of prison resources generally"; and (4) whether there is an absence of "obvious, easy alternatives to the policy adopted by" prison officials. *O'Lone*, 482 U.S. at 350-53 (internal quotation marks and alterations omitted). Courts must take care to avoid "substitut[ing] [their] judgment on difficult and sensitive matters of institutional administration." *Id*. at 353 (internal quotation marks and alteration omitted).

A prison's occasional failure to accommodate a religious practice does not violate the Free Exercise Clause where there is no evidence that the failures were caused by "anything other than institutional shortage." *Rapier*, 172 F.3d at 1006 n.4. Similarly, a temporary delay in accommodating religious practice does not violate the First Amendment when caused by ordinary administrative or institutional delay. *See Tapp v. Stanley*, 2008 WL 4934592, at *7 (W.D.N.Y. Nov. 17, 2008) (unpublished) (holding that a three-month delay in providing a prisoner with a religious meal did not substantially burden the prisoner's sincerely-held religious beliefs where the delay was "caused by ordinary administrative delay").

The First Amendment is not the only source of religious protection within a prison. RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution … even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on

that person[] (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). RLUIPA applies to entities receiving federal financial assistance. *Id*. at (b)(1). By accepting federal funds, however, states do not waive sovereign immunity to suits for money damages under RLUIPA. *Sossamon v. Texas*, 563 U.S. 277, 280 (2011). Further, although the statute provides for injunctive relief, RLUIPA does not allow for monetary damages against individuals. *Wood v. Yordy*, 753 F.3d 899, 902–04 (9th Cir. 2014).

An inmate asserting a claim under RLUIPA must plausibly allege that the governmental action constitutes a substantial burden on the exercise of the inmate's religious beliefs. *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005). For an official's action to constitute a substantial burden on an inmate's religious exercise, it "must impose a significantly great restriction or onus upon such exercise." *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004). In determining whether an inmate's religious exercise is substantially burdened, a court may not inquire "into whether a particular belief is 'central' to a prisoner's religion." *Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005) (quoting 42 U.S.C. § 2000cc-5(7)(A)). However, "the Act does not preclude inquiry into the sincerity of a prisoner's professed religiosity." *Id.*

If the inmate establishes "the prima facie existence" of a substantial burden on the exercise of the inmate's religion, then the burden shifts to prison officials "to prove that [the] substantial burden on [the inmate's] exercise of his religious beliefs is *both* 'in furtherance of a compelling governmental interest' *and* the 'least restrictive means of furthering that compelling governmental interest.'" *Warsoldier*, 418 F.3d at 995 (quoting 42 U.S.C. § 2000cc-1(a); § 2000cc-2(b)).

As the Supreme Court has explained,

> The least-restrictive-means standard is exceptionally demanding, and it requires the government to show that it lacks other means of

achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting party. If a less restrictive means is available for the Government to achieve its goals, the

*Holt v. Hobbs*, 574 U.S. 352, 364-65 (2015) (internal citations, quotation marks, and alterations omitted). Prison officials or a state department of correction "cannot meet its burden to prove least restrictive means unless it demonstrates that it has actually considered and rejected the efficacy of less restrictive measures before adopting the challenged practice." *Warsoldier*, 418 F.3d at 999.

Although RLUIPA is to be construed broadly in favor of protecting an inmate's religious rights, *id.*, the statute does not "elevate accommodation of religious observances over an institution's need to maintain order and safety." *Cutter*, 544 U.S. at 722. A prisoner's requests for religious accommodation must not override other significant interests within a prison setting. "Should inmate requests for religious accommodations become excessive, impose unjustified burdens on other institutionalized persons, or jeopardize the effective functioning of an institution, the facility would be free to resist the imposition." *Id.* at 726. In the words of the Supreme Court, "context matters." *Id.* at 723 (quotation marks and alteration omitted).

The Complaint does not allege a plausible First Amendment or RLUIPA claim because it includes no allegations establishing that Defendants' actions constituted a substantial burden on the exercise of Plaintiff's religious beliefs. Nor has Plaintiff included any details about the size of the group, which is relevant to a First Amendment analysis. *See Cruz*, 405 U.S. at 322 and n.2.

Further, the Complaint vaguely alleges only that ISCI has engaged in activity that allegedly violates Plaintiff's religious rights. (*See Compl.*, Dkt. 3 at p. 2). There are no detailed allegations about any actions of the other Defendants.

Plaintiff may attempt to remedy these deficiencies in an amended complaint.

**B.      Section 1985 Claims**

Conspiracies to interfere with civil rights are prohibited under 42 U.S.C. § 1985. To state a claim under Section 1985(2) or (3), a plaintiff must allege a racial or class-based discriminatory animus behind the conspirators' actions.[2] *See Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989); *A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F.2d 1330, 1333 (9th Cir. 1982) (claims under sections 1985(2) and 1985(3) require the element of class-based animus). Plaintiff has not alleged that he is a member of a racial group or other protected class against whom a conspiracy was perpetrated, nor has he alleged facts sufficient to support a plausible inference of a conspiracy. Therefore, he has not stated a plausible § 1985 claim.

**C.      State Law Claims**

Plaintiff also purports to assert state law claims, though Plaintiff does not identify any such claims. (*Compl.*, Dkt. 3 at p. 1). Because the Complaint fails to state a federal claim upon which relief may be granted, the Court declines to exercise supplemental jurisdiction over Plaintiff's unidentified state law claims. *See* 28 U.S.C. § 1367(c). If Plaintiff files an amended complaint and is allowed to proceed on a federal claim, and if that amended complaint identifies and states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

**4.      Standards for Amended Complaint**

If Plaintiff chooses to file an amended complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499

---

[2]      Subsection (1) of 42 U.S.C. § 1985 does not apply, because that section prohibits conspiracies to prevent a federal officer from performing his or her duties. *Canlis v. San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711, 717 (9th Cir. 1981) ("[Section 1985's] protections extend exclusively to the benefit of federal officers.").

U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of First Amendment or RLUIPA claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the

original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within twenty-eight days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1.    The Complaint fails to state a claim upon which relief may be granted. Plaintiff has twenty-eight days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion

to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[3]

2.      If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order.

DATED: February 14, 2024

Amanda K. Brailsford
U.S. District Court Judge

---

[3]      A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).