UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS MICHAEL MINTUN,<br><br>                Plaintiff,<br><br>   v.<br><br>TYRELL DAVIS; JENNIFER TYVAND; SGT. HAMMER; LT. COREY SEELY; and JEFF KIRKMAN,<br><br>                Defendants. | Case No. 1:23-cv-00427-AKB<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Dennis Michael Mintun is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. (*Initial Review Order*, Dkt. 7).

Plaintiff has now filed an Amended Complaint against some of the original Defendants and against a new Defendant. (*See* Dkt. 9). The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having screened the Amended Complaint, the Court enters the following order allowing Plaintiff to proceed.

**1.    Screening Requirement and Pleading Standards**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

**2.  Discussion**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction, currently incarcerated at the Idaho State Correctional Institution. Plaintiff adheres to a religion known as the "KOE Greek Pagan Path." About 200 other inmates are also members of this religious group, and group events have an average attendance of around 30 inmates. (*Am. Compl.*, Dkt. 9, at 1). Plaintiff asserts that inmates who belong to the KOE Greek Pagan Path have substantially fewer opportunities to exercise their religious beliefs than Christian inmates. (*Id.* at 2-3). Plaintiff also alleges that he was denied the opportunity to remain as the facilitator for the KOE Greek Pagan Path because of his use of the inmate grievance process.

Plaintiff asserts claims under 42 U.S.C. § 1983—namely, retaliation and free exercise claims under the First Amendment. He also brings claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.* Finally, Plaintiff asserts

religious freedom claims under Idaho state law; although Plaintiff cites the Idaho State Constitution, his state law claims appear to be more properly analyzed under Idaho's Free Exercise of Religion Protected Act ("FERPA"), Idaho Code § 73-401, *et seq*.

The Amended Complaint contains sufficient allegations to state plausible retaliation claims, First Amendment free exercise claims, RLUIPA claims, and FERPA claims.

**3.     Request for Appointment of Counsel**

Plaintiff requests appointment of counsel. (*Am. Compl*. at 10). Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*.

Plaintiff's Amended Complaint, liberally construed, appears to state a claim upon which relief could be granted if the allegations are proven at trial. However, without more than the bare allegations of the Amended Complaint, the court does not have a sufficient basis upon which to assess the merits, if any, at this point in the proceeding. The Court also finds that Plaintiff has articulated his claims sufficiently, and that the legal issues in this matter are not complex. Based on the foregoing, the Court will deny Plaintiff's request for appointment of counsel. If it seems appropriate at a later date in this litigation, the Court will reconsider appointing counsel.

A federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(e)(1) or under the Court's inherent authority. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono."). Rather, when a Court "appoints" an attorney, it can do so only if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorney fees in civil matters such as this one, and it is often difficult to find attorneys willing to work on a case without payment—especially in prisoner cases, where contact with the client is particularly difficult. For these reasons, Plaintiff should attempt to procure counsel on a contingency or other basis, if at all possible.

## CONCLUSION

Plaintiff may proceed as outlined above against the Defendants named in the Amended Complaint. This Order does not guarantee that Plaintiff's claims will be successful. Rather, it merely finds that they are plausible, meaning that the claims will not be summarily dismissed at this time but will proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

Defendants may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion.[1] Because (1) prisoner filings must be afforded a liberal

---

[1] The standards for a motion to dismiss for failure to state a claim under Rule 12(b)(6) are the same standards that the Court has used to screen the Amended Complaint under §§ 1915 and 1915A. Therefore, motions to dismiss for failure to state a claim are disfavored in cases subject to §§ 1915 and 1915A and may be filed only in extraordinary circumstances.

construction, (2) governmental officials often possess the evidence prisoners need to support their claims, and (3) many defenses are supported by governmental records, an early motion for summary judgment—rather than a motion to dismiss—is often a more appropriate vehicle for asserting procedural defenses such as non-exhaustion.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Review the Amended Complaint (Dkt. 8) is GRANTED.

2. Plaintiff's request for appointment of counsel (contained in the Amended Complaint) is DENIED without prejudice.

3. Plaintiff may proceed on the Amended Complaint, as described above, against Defendants Davis, Tyvand, Hammer, Seely, and Kirkman. The Idaho State Correctional Institution, which is not named in the Amended Complaint, is TERMINATED as a party to this action. Jeff Kirkman, who is named in the Amended Complaint, is ADDED as a defendant.

4. Defendants will be allowed to waive service of summons by executing, or having their counsel execute, a Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Amended Complaint (Dkt. 9), a copy of this Order, and a Waiver of Service of Summons to the following counsel: **Karin Magnelli, Deputy Attorney General for the State of Idaho, Idaho Department of Correction, 1299 North Orchard, Ste. 110, Boise, Idaho 83706**, on behalf of Defendants.

5. Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, identifying the individuals for whom service will not be waived.

6. If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or for certain individuals, Plaintiff will have an additional ninety days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them may be dismissed without prejudice without further notice.

7. Unless otherwise ordered, the parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

8. Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

9. Dispositive motions must be filed by the later of (a) 300 days after entry of this Order or (b) 300 days after entry of an order denying all or part of a preliminary Rule 12(b) or Rule 56 motion.

10. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service,

address of service, and name of person upon whom service was made.

11. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

13. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

14. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

15. Pursuant to General Order 324, this action is hereby RETURNED to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate

basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: June 5, 2024

*Amanda K. Brailsford*
_____
Amanda K. Brailsford
U.S. District Court Judge